William H. Ingaldson
Ingaldson Fitzgerald, P.C.
813 W. Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
Bill@impc-law.com

Attorney for Plaintiff


IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE


| | |
|---|---|
| MADHU PRASAD, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROVIDENCE HEALTH & )<br>SERVICES, INC. d/b/a )<br>PROVIDENCE ALASKA )<br>MEDICAL CENTER, INC., and )<br>PRESTON SIMMONS )<br>)<br>Defendants. )<br>_____ ) | Case No. 3AN-20-_09778_ CI<br><br>**COMPLAINT** |

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

Plaintiff, Dr. Madhu Prasad, by and through counsel, alleges for his Complaint as follows:

# I. THE PARTIES

1.      Plaintiff Dr. Madhu Prasad is, and at all relevant times was, a resident of Anchorage, Alaska.

2.      Defendant Providence Health & Services, d/b/a Providence Alaska Medical Center, Inc. (hereinafter "PAMC") is a non-profit corporation authorized to do business in Alaska under Alaska Entity Number 111775. PAMC operates as a medical center in Anchorage, Alaska. Most surgical procedures in Anchorage are performed at PAMC.

3.      Defendant Preston Simmons at all relevant times was the Chief Executive Officer of Providence Health and Services Alaska. He also at all relevant times was an *ex officio* member of the Providence Alaska Region Board of Ministry. On information and belief, Mr. Simmons is a resident of Anchorage, Alaska.

4.      This court has jurisdiction to hear this matter and venue is appropriate.

## II.     GENERAL ALLEGATIONS

5.      Dr. Prasad is board certified in general surgery and specializes in general and oncological surgery.

6.      Dr. Prasad attended medical school and did his surgical residency at Wayne State University School of Medicine during his residency, he did a fellowship at Beth Israel Hospital in Boston, MA. After returning to complete his residency, he did a second fellowship at Beth Israel Deaconess Medical Center in Boston, MA.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

7. After those fellowships, Dr. Prasad served on the faculty at Oregon Health & Science University. He was recruited back to Boston where he practiced as a general surgeon and surgical oncologist at the Boston Veterans Administration Hospital and Brigham and Women's Hospital and he served on the faculty of surgery at Harvard Medical School.

8. Dr. Prasad was then recruited to be the Section Head of Surgical Oncology at Wayne State University School of Medicine and Chief of Surgery at Karmanos Cancer Institute. From there he was recruited to establish the Henry Ford Innovation Institute at the Henry Ford Health System.

9. In 2014, Dr. Prasad moved to Alaska to be near his brother who was the Dean of the School of Business and Public Policy at UAA. After arriving in Alaska, Dr. Prasad opened a general and oncological surgical practice.

10. In order for physicians to practice at PAMC, they must obtain clinical privileges and become a member of the PAMC medical staff.

11. The procedures and standards to be applied when granting and renewing current clinical privileges at PAMC are set forth in material specs in the Providence Medical Staff Bylaws and its credentials policy.

12. The Bylaws and credentials policy in effect during a physician's active tenure on the medical staff at PAMC govern consideration of issues relating to that physician's privileges.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

13.     Dr. Prasad became a member of the medical staff and obtained practice privileges at PAMC in 2014.

14.     Dr. Prasad also became a member of the medical staff and obtained practice privileges at Alaska Regional Hospital and the Alaska Surgery Center.  He has also been on the Medical Executive Committee ("MEC") at the Alaska Surgery Center and has been on the Board of Trustees at Alaska Regional Hospital since 2016.

15.     Dr. Prasad has been named "Best of Anchorage" in surgical oncology for the past four years.

16.     Since opening his practice in Alaska, Dr. Prasad has performed in excess of 2,500 surgical procedures.  Not one of those cases has been referred for a Morbidity and Mortality Review.

17.     As recognized by Dr. Elisha Powell, PAMC's Chief of Staff, Dr. Prasad is often called upon to treat patients with the most complex and complicated medical surgical issues.

18.     PAMC has a Physician Quality Committee ("PQC") which periodically reviews the performance of doctors practicing at PAMC.

19.     From the time he started practice in Alaska in 2014 through the spring of 2017, the PQC reviewed six of Dr. Prasad's cases.  In all of those cases Dr. Prasad was found to have provided the appropriate level of care.

20.     In early 2017 Dr. Prasad was contacted by the Chief of Surgery at PAMC because she noticed that Dr. Prasad was not identifying complications in a summary

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

field on his surgical report, although Dr. Prasad did clearly and fully identify in detail any complications in his actual operative reports.

21.    Dr. Prasad explained that he had been trained at Henry Ford and Wayne State to not identify complications in the general field, but instead to document complications in the body of the operative report.  Dr. Prasad's explanation was corroborated by other surgeons who practiced at Henry Ford and Wayne State and other notable academic medical centers in the United States.

22.    Dr. Prasad agreed to change his reporting practices and, since that time, there have been no complaints about his surgical reports.

23.    However, because of the documentation issue, a decision was made to do an extensive review of Dr. Prasad's cases over the previous three years.  Because of the complexity of his practice and the concern that physicians on the PQC did not have the expertise to evaluate Dr. Prasad's complex cases, 13 of his cases were sent for an external review.

24.    In sending the cases for external review, PAMC:

a. asked for an opinion as to whether Dr. Prasad's surgeries constituted "the best practices," which is not an indication that medical treatment provided was below the standard of care because, as the reviewing agency acknowledged: "Different practitioners, in the legitimate exercise of individual clinical judgment, justifiably approach clinical

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

problem solving in different ways. Accordingly, a broad range of performance is generally recognized as clinically acceptable;"

b.  provided incomplete medical records which mislead the external reviewer to conclude that certain procedures had not been done when, in fact, they had been done;

c.  did not give the eternal reviewer the option to talk to Dr. Prasad to learn why Dr. Prasad made his clinical decisions; and

d.  had all of the cases reviewed at the same time by the same reviewer, which based on the number of cases being sent for review, implicitly and unfairly suggested that there was a problem based on the number of cases being sent for review.

25.     After receiving the report from the external reviewer, the PQC met to review and assigned levels to 23 of Dr. Prasad's cases. Based on the criticisms expressed in the external reviewer's report, which a Fair Hearing Panel later found to be "based on an incomplete record", "flawed" and in many cases "simply not true," and before even discussing the cases with Dr. Prasad, the PQC leveled 6 of those 23 cases at below the standard of care.

26.     Recognizing that Dr. Prasad's practice involves complex, difficult surgeries, Dr. Powell decided to call a meeting with Dr. Prasad to discuss his cases with Senior Leadership.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3ʳᵈ Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

27.    Prior to that meeting, the PQC identified specific questions it wanted Senior Leadership to have Dr. Prasad address relating to 9 cases.

28.    Inexplicably, prior to the meeting with Senior Leadership, Dr. Prasad was not given a copy of the external reviewer's report and was not even told that any of his cases had been sent out to be reviewed.

29.    Moreover, Dr. Prasad was not told the questions the PQC wanted to be addressed nor was he advised of any other specific concerns regarding his cases before the meeting, so that he could adequately prepare to address any concerns and questions senior leadership and/or the PQC may have had.

30.    Instead, the day before the meeting with senior leadership, Dr. Prasad was given a list containing the case numbers and a very brief description of the procedure of 23 cases the PQC had leveled, which he was required to review at the medical staff office. The list did not even include the patients' names and many of the cases were 3 and 4 years old.

31.    At the Senior Leadership Meeting, which lasted less than two hours, Dr. Prasad was only asked some questions concerning 2 of the cases in which the PQC had identified questions. He was not given an opportunity to address the PQC's questions regarding other cases. In fact, was not even told the PQC had questions regarding any other cases.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

32.     Following that meeting, Dr. Powell contacted Dr. Prasad and advised him that Senior Leadership was considering a possible performance improvement plan ("PIP").

33.     On August 8, 2018, Dr. Prasad received a letter from Dr. Michael Acarregui, PAMC's then chief medical officer, which included a list of 17 cases reviewed by the PQC. That letter informed Dr. Prasad: "If you would like to provide additional information to clarify and/or explain what happened with these cases, you are invited to contact me at the number below to arrange a time for you to present your case to the PQC. *This must occur within 60 days of the date of this letter."* [emphasis in the original]

34.     Dr. Prasad also received a letter on August 8, 2018 from Dr. Powell, informing him that Senior Leadership had decided to issue a precautionary suspension of his privileges and medical staff membership at PAMC. Dr. Prasad was told: "The precautionary suspension is not a final action and is pending the outcome of our investigation and development of a performance improvement plan." He was further advised that the precautionary suspension was "not a complete professional review action…" That letter then mandated that Dr. Prasad attend a meeting of the Medical Executive Committee ("MEC") on Monday, August 13, 2018.

35.     Dr. Prasad called Sheri Kelly at the Medical Staff Office regarding what to expect at the upcoming MEC meeting. Ms. Kelly informed him that the meeting would be much shorter than the prior Senior Leadership meeting and that Dr. Prasad

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

would not be expected to specifically address any cases. Instead, Dr. Prasad was given the impression that he would be answering questions with respect to a PIP.

36.     At the MEC meeting, Dr. Powell gave the members a brief background before escorting Dr. Prasad into the meeting room. Initially questions focused on Dr. Prasad's reporting practices, which he had successfully addressed more than a year earlier. When a member of the MEC started asking questions relating to specific cases, Dr. Prasad answered the questions as best he could. However, he advised that he had been told that he would not be asked about specific cases and said that he would like the opportunity to provide a written response to the PQC report, as Dr. Acarregui's letter allowed.

37.     After hearing from Dr. Prasad for less than a half hour, the MEC excused him from the meeting. The MEC then voted to recommend that the Board of Ministry revoke Dr. Prasad's privileges.

38.     Inexplicably, the MEC voted to revoke Dr. Prasad's privileges:

a.     without giving Dr. Prasad the opportunity to present a written response to the PQC's report of the cases at issue as was promised by Dr. Accaregui, which would have revealed that the findings of the PQC were based on inaccurate, incomplete records and on the flawed, untrue conclusions by the external reviewer;

b.     without first allowing Dr. Prasad an opportunity to review the external reviewer's report, respond to it, and point out the falsity of the external

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

reviewer's assumptions and conclusions (some of which the external reviewer admitted when questioned at the Fair Hearing) and explain the reasons for his patient care decisions;

    c.    without giving any consideration to the fact that Dr. Prasad had been found to have provided appropriate care in every earlier case that had undergone a performance review by the PQC;

    d.    without giving consideration to the fact that all of Dr. Prasad's cases previously referred to Morbidity and Mortality for review were deemed to reflect appropriate management and patient care, even though Dr. Powell admitted that Dr. Prasad handles some of the most difficult, complex cases;

    e.    without giving due consideration to the fact that there was not a single complaint about Dr. Prasad's patient care in the year and a half immediately preceding the vote, and instead falsely speculating that Dr. Prasad had stopped taking difficult cases;

    f.    without first giving Dr. Prasad the opportunity to participate in a performance improvement plan;

    g.    without giving any consideration to the fact that Dr. Prasad had never been required to participate in a performance improvement plan and had never previously had his privileges revoked, suspended or even questioned anywhere else; and

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

h.    based, at least in part, on documentation concerns that had been successfully dealt with during a collegial intervention more than a year earlier as evidenced by the fact that there had been no documentation concerns at all since that intervention.

39.    The MEC's decision to revoke Dr. Prasad's privileges without first giving him a PIP was unprecedented. He is the only medical provider at PAMC to have his or her privileges revoked without previously having been placed on a PIP.

40.    At the MEC meeting where Dr. Prasad's privileges were revoked, it was pointed out that the cases at issue were several years old. In fact, not one of Dr. Prasad's cases from the previous 18 months had even been questioned.

41.    One of the MEC members asserted that the reason there were no recent cases at issue was because Dr. Prasad had stopped doing complex surgeries.

42.    That defamatory statement, which is but one example of the unreasonable, arbitrary and capricious conduct by some members of the MEC, was based on pure speculation and was absolutely false.

43.    Following notice that his privileges and medical staff membership at PAMC had been revoked, Dr. Prasad timely requested a Fair Hearing in accordance with the PAMC Medical Staff Credentials Policy.

44.    On December 10-14, 2018, a Fair Hearing was held. The Fair Hearing Panel was given full and complete records of all of the cases considered by the PQC (the records provided to the external reviewer were incomplete). They also heard

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

testimony from several treating doctors at PAMC who had personal knowledge of Dr. Prasad's surgical skills, other doctors who were involved in the cases at issue, the external reviewer, several nationally recognized experts, some members of the MEC and Dr. Prasad.

45.    After careful deliberation, the Fair Hearing Panel found that the decision to revoke Dr. Prasad's privileges was arbitrary and capricious and recommended that the MEC reverse its decision to revoke Dr. Prasad's privileges.

46.    In support of its decision, the Fair Hearing Panel unanimously found that Dr. Prasad's care was appropriate in all six of the cases the PQC had leveled as 3 (below the standard of care). The Panel specifically found that "3, perhaps 4 of the level 3 cases were wrongly leveled based on review of the charts," noting that "the external reviewer was not provided the complete record including pre-op notes and intra-operative notes."

47.    The Fair Hearing Panel found that some of the external reviewer's comments simply reflected a difference in surgical approach. As such, the Panel noted that "on those issues, the decision on how to proceed should lie with the patient, family and the surgeon. There is good evidence that those decisions were made with thorough discussion between Dr. Prasad and his patients and supported by exceptional documentation."

48.    One of the members of the Fair Hearing Panel pointed out that extensive review of the cases by the Panel revealed that "the complaints leveled against Dr.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Prasad by [the external reviewer] were flawed, and many were simply not true," and that many expert witnesses "flatly disagree[d]" with the external reviewer.

49. The Fair Hearing Panel's conclusion that Dr. Prasad's patient care was appropriate in all six of the cases leveled as 3 was factually correct.

51. In fact, Dr. Prasad's patient care was appropriate and met the standard of care in all of the cases reviewed by the PQC.

52. The testimony at the Fair Hearing by doctors who had direct experience operating with Dr. Prasad overwhelmingly supported the Fair Hearing Panel's recommendation that Dr. Prasad's medical privileges and medical staff membership at PAMC be restored.

53. Every doctor with personal experience working with Dr. Prasad testified favorably as to his surgical skills and patient care. Some of the testimony included the following:

    a. **Dr. Brent Roaten** - a very well-respected pediatric surgeon, testified:

> I think Dr. Prasad is very skilled in the operating room. In my own personal cases I have been in situations doing cases with Dr. Prasad, complex liver resections, and he is known to maneuver to get us out of trouble on more than one occasion. So, I think he's a very skilled surgeon.[1]

    b. **Dr. Peter Marbarger**, a very well-respected surgeon who previously was Department Chair and was on the Medical Executive Committee at PAMC, testified that he has consulted with Dr. Prasad on dozens of cases and has operated with him. Dr. Marbarger testified as follows:

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] Tr., pp. 528-529.

Q.   Do you have an opinion about [Dr. Prasad's] thoughtfulness or decision-making medically?

A.   **I think it's excellent.**

Q.   Did you form any opinions about [Dr. Prasad's] surgical abilities doing that surgery with him?

A.   **It confirmed my suspicion that he's an excellent surgeon.**

Q.   And do you grade all surgeons as excellent or would he be in the upper tier?

A.   **He would be in the upper tier.**

Q.   My empirical question is, I have represented doctors for so long, would you let him operate on you or your family members?

A.   **Yes, and I cannot say that about all of my colleagues. I have sent some personal friends to him with issues that – situations either I didn't want to operate on them or that he had a skill set that they needed. I have referred several friends and patients to him with that in mind.**

Q.   Anything other than good outcomes of the people you referred to him?

A.   **They all had excellent outcomes.**[2]

c.  **Dr. Zachary Steiner** - a well-respected vascular surgeon, testified at the specific request of the Fair Hearing Panel. Based on operating with Dr. Prasad on numerous occasions, Dr. Steiner testified:

Q.   Have you been in enough surgeries with [Dr. Prasad] to form an opinion about his technical ability as a surgeon?

A.   **I believe so.**

Q.   What is that opinion?

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

---

[2] Tr., pp. 998-1000.

A.   **I think he's a competent surgeon.**

Q.   "Competent" meaning average or "competent" meaning you would go see him or you would send family members to him?

A.   **I would send a family member to him.**[3]

d.   **Dr. David Kwon** - the current Head of Surgical Oncology and the Medical Director of the Multi-Disciplinary Pancreas Clinic at Henry Ford Hospital, responded as follows when asked his opinion about Dr. Prasad's surgical ability and technique:

> Well I – since my arrival in 2011, I was championed to become the new guy to build a pancreas practice; and, unfortunately, in a tertiary, quartenary center, you don't get the straightforward cases; you get the most difficult that other people don't want to do. I have humbly, unfortunately, because I cannot do it myself, have actually had to call Dr. Prasad on more than one occasion to help with these difficult operations.
>
> When I say difficult, at the time of pancreatectomy, we know the Whipple and the Distal pancreas, we had been talking about the Distal, but when you do the Whipples and you have tumor invasion of the portal vein, that's life or death on the table. When you have to do either resect the portal vein or you, to some degree, try to peel the tumor off the portal vein, in inexperienced hands, that's near fatal.[4] ... his technical skills are outstanding. People talk about art of surgery because surgery really is art; it's not just plumbing, human plumbing. When we get into these difficult situations, people talk about dissection we're talking about tumor margins; and you're out a millimeter and you really need to finesse.
>
> It is a lost art for people to use a 15-blade to dissect, because the blade can cut into blood vessels. He is one of the few people that I have seen in my entire career; and I have operated with some pretty amazing people, that can utilize that skillset to really get patients out

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

---

[3] Tr., pp. 1197-1198.
[4] Tr., pp. 788-789.

of a very difficult situation. Humbly, I cannot do that even 8 years in now. ...

He is a fantastic surgeon. ...[5]

54.     The voluminous letters from doctors and other healthcare practitioners in support of Dr. Prasad that were provided to the Fair Hearing Panel also overwhelmingly supported the Panel's recommendation that Dr. Prasad's privileges and medical staff membership be restored. Those letters included the following attestations:

- **Dr. Jeff Baurick** – "I am an emergency medicine physician and I have worked at the Alaska Regional Hospital ED for 20 years. ... It is understood by all of us that [Dr. Prasad] is an excellent surgeon. In addition, when my wife was diagnosed with a tumor in the tail of the pancreas, there was no question that she would see the best. That was Dr. Prasad. ... When my wife and I went to the Mayo Clinic after he laparoscopically removed the tail of the pancreas, leaving her a complete spleen and functioning pancreas, the doctors at the Mayo Clinic were amazed that such a complex case was managed so well in Alaska. ... My wife is now two years cancer free and I credit Dr. Prasad for saving her life. ..."

- **Dr. Steven Liu** – "I am a medical oncologist who has been practicing in Anchorage, Alaska for 13 years. Since Dr. Prasad has been in our community in the last four years, he has proven to be a trusted colleague who has taken excellent care of our oncology patients. ... he has always made logical and sound decisions. ... I have always felt his thoughts in handling of cases I have shared with him as being excellent. 'Expert textbook' consultations provided by him. The other oncologists in our group and I feel fortunate to have a surgeon like Dr. Prasad in our community to help with the high level of care and services that may otherwise not be available here. I support Dr. Prasad without reservation."

- **Dr. Desiree Brooks** – "I am an emergency medicine physician... I have worked directly with Dr. Madhu Prasad [since July 2016] and have always known him to be the "gold standard" general surgeon and surgical

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

[5] Tr., p. 790.

oncologist in our community, ... He is an outstanding *surgeon* and does not hesitate to care for the most complicated and sick patients that come through our emergency department. When patients do know of him, they sing high praise. He is well respected by his peers, and his technical skills and judgment make him one of the finest general surgeons and surgical oncologists in our state. Alaska is fortunate to have him. ... I would like the reader of this letter to know that should I ever need emergency surgery, or non-emergent surgery otherwise, Dr. Prasad would be my surgeon. The same goes for my family and friends. ..."

- **Dr. Daryl McClendon** – "... I have referred a number of patients to Dr. Prasad, many of whom have been quite complicated with multiple co-morbidities and with very difficult surgical problems. As I am not a surgeon, I am unable to comment on the details of his operative techniques, however I can say with confidence that my patients have returned to me with excellent feed-back and gratitude for the referral..."

- **Dr. Emily Church** – "I have worked with Dr. Prasad for the last several years. ... we have co-managed many high complex medical patients and have also served together on the Board of Trustees at Alaska Regional Hospital. I find him to be a skilled and caring surgeon. ... When I needed a surgeon to operate on me, he was my first choice. ... I would recommend him to any medical staff without reservation. ..."

- **Dr. Austin Nelson** – "I am currently serving as an active duty Gastroenterologist and the Chair of the Department of Gastroenterology at Joint-Base Elmendorf Richardson. ... Over the last four years I have referred many patients to [Dr. Prasad] seeking his expert surgical consultation for complex gastrointestinal and pancreatic hepatobiliary disorders. ... Without reservation, these patients have expressed tremendous gratitude and appreciation at what he has provided for them – frequently lifesaving surgical procedures. ... He is truly one of the finest physicians I have had the pleasure to interact with."

- **Dr. Matthew Cronin** – "As a radiologist and interventional radiologist, I have had the opportunity to work with Dr. Prasad in the care of mutual patients and have been consistently impressed by his professionalism and excellent patient care. I believe Dr. Prasad to be a talented surgeon who is willing to take even the most difficult cases... should the time ever come where I myself require surgical treatment, I would have every confidence seeking that care through Dr. Prasad."

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

- **Dr. Ido Barkay** – "I am a Board-Certified Internal Medicine physician… [and I have] co-managed numerous patients along with Dr. Madhu Prasad. … I have been accustomed to rely on Dr. Prasad for particularly complex surgical patients."

- **Dr. Michael Mraz** – "I have always found Dr. Prasad to be an excellent surgeon who has been a pleasure to work with. Patients we have shared have come, without exception, been very happy and appreciative of his care. …I have only heard positive reviews from nursing staff as well… I would certainly highly recommend Dr. Prasad as a surgeon without any reservations. I would refer my own family to him, should the need arise."

- **Dr. R. Keith Winkle** – "As an emergency physician at Alaska Regional Hospital since 1994, I am well acquainted with most of the surgeons who practice in Anchorage and I can truly say that Dr. Prasad has been one of the most pleasurable and knowledgeable with whom to work. During the time he has been here he has gained my trust and I would not hesitate to refer my family to him, let alone patients who are under my care."

- **Dr. Lawrence Wood** – "As an interventional radiologist at Alaska Regional Hospital, I have worked closely on many patients with Dr. Prasad… and have witnessed his extraordinary work firsthand. I have been impressed not only with his deep expertise in his field, and his careful analysis of very complex clinical problems, but also with his calm demeanor and pleasant attitude in the face of what is, no doubt, a very stressful professional work environment. … I would not hesitate to refer not only family members to him for surgical care, but also myself should the need arise."

- **Dr. Bennett Lee** – "As an internal medicine hospitalist, I have had the privilege of working closely with Dr. Madhu Prasad since his arrival in Anchorage. He is one of the finest surgeons I have known in my 22 years of practicing medicine."

- **Dr. Jeffrey Molloy** – "Dr. Prasad and I have shared numerous common patients dating back to my time as a U.S.A.F. Gastroenterologist. … Dr. Prasad has provided care and perceptive service to some of the most complicated patients in our community. …His technical ability and skill set are an asset to our community and we are fortunate to have him. …"

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

- **Dr. Steven Settle** – "I am a radiation oncologist and have been practicing radiation oncology in Alaska since 2013. Prior to that I was on the faculty at the MD Anderson Cancer Center in Houston, Texas. ... While [there] I had the opportunity to work with a number of top-notch surgeons. While I am not a surgeon myself, my impression of Dr. Prasad is that he is on par with the top surgeons I have worked with. ...Our mutual patients love Dr. Prasad, and universally speak highly of him. ... He is the sort of surgeon I would feel very comfortable relying on to care for a family member. When my stepfather was diagnosed with esophageal cancer, it was Dr. Prasad who I turned to..."

- **Dr. Robin Bergbauer** – "I have been a member of the cardiac anesthesiology team at Alaska Regional Hospital for over six years, and I have worked with Dr. Prasad many times... His patients have expressed to me their high level of satisfaction with his care. In my opinion, he is an excellent surgeon."

- **Dr. Saket Ambasht** – "I write this letter to express my strong and unequivocal support for Dr. Madhu Prasad as an excellent clinician and skillful surgeon. ... I have referred dozens of patients to Dr. Prasad for surgical care... He has had excellent outcome for my patients. ... His expertise in robotics and laparoscopic techniques and their appropriate use in a wide array of surgical procedures have been appreciated by my patients. They have appreciated smaller scars and recovery times. He has drastically improved the quality of life for a few of my patients who were otherwise considered too complex to undergo surgery. ... I am aware of several physicians and nurses who have sought him out for themselves and their family and friends."

- **Dr. Holly Chapman** – "I have worked with [Dr. Prasad] at Alaska Regional Hospital since April 2014. He is an excellent surgeon physician... He performs difficult procedures on high acuity patients. ... His patients have great outcomes. I would not hesitate about having him operate on me or a family member. ... I have been in practice as an anesthesiologist for other 35 years and have observed many surgeons over the years. I think he is in the top tier of general surgeons."

- **Dr. Thomas Hunt** – "As an active member of this medical community since 1995, in both primary and in-patient hospitalist care, I have interacted with virtually every general and specialty surgeon in private practice in this community over 23 years. Dr. Madhu Prasad is my surgeon-of-choice when I have a choice. ... I consider it my job as a

INGALDSON
FITZGERALD,
· P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

medical hospitalist and patient advocate to be critical about surgical management. ... I would rather have [Dr. Prasad] involved in the complex abdomen than anyone else in Anchorage."

- **Dr. Mary Stuart** – "I have been a medical oncologist in Anchorage, Alaska for more than 30 years. ... I would gladly refer family and friends to [Dr. Prasad] for his knowledge and skill."

- **Dr. Liar Dolganos** – "... I have a very short list of surgeons I trust to consult on our most complex ICU patients, and Madhu counts prominent among them. ..."

- **Dr. Stefano Emili** – "I have been a staff Nephrologist at PAMC since 2006. ... I deal with very complex patients with multiple co-morbidities. These individuals are at a high risk of complications. Frequently my surgical colleagues will "steer clear" of these problem patients because of high risk of surgical complications. ... [Dr. Prasad's] willingness to help these individuals often allows them to remain at home in Alaska surrounded by friends and loved ones rather than travel to Seattle. ... I have challenged Dr. Prasad on multiple occasions in the past few years. His outcomes on these patients have all been optimal. ..."

- **Dr. Dr. Brian Sweeney, Jr.** – "[Dr. Prasad] has been a consultant for me and my gastroenterology practice since October 2014. ... He has taken on some of my most complicated cases. ... There have never been any major complications in the cases I have sent to him. ..."

55.   Not a single health care provider with experience working with Dr. Prasad and not a single person with personal knowledge of Dr. Prasad's surgical skills and/or patient care offered testimony or submitted letters critical of Dr Prasad.

56.   In accordance with the PAMC Credentials Policy, the Fair Hearing Panel's recommendation was referred to the MEC.

57.   Prior to meeting to decide whether to accept the Fair Hearing Panel's recommendation, the members of the MEC were provided a letter signed by Dr. Powell that inaccurately and improperly summarized the Fair Hearing Panel's decision,

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

incorrectly advised the MEC as to the appropriate standard of review and neglected to fully inform the MEC as to the findings by the Fair Hearing Panel.

58. The members of the MEC were not provided with a copy of the Fair Hearing Panel report. Instead, they were advised that they could review the Fair Hearing Panel report at the Medical Staff Office.

59. On information and belief, few, if any, members of the MEC actually read the Fair Hearing Panel report before meeting and voting as to whether to recommend restoration of Dr. Prasad's privileges.

60. In addition, contrary to the PAMC credentials policy, one MEC member, Dr. Brent Roaten, was improperly excluded from participating because he testified at Dr. Prasad's Fair Hearing.

61. Nothing in the Credentials Policy requires or provides for the exclusion of members of the MEC from participating in a meeting to act on recommendations by the Fair Hearing Panel simply because they participated at the Fair Hearing.

62. On information and belief, the real reason that Dr. Roaten was excluded from participating at the MEC hearing is because he testified favorably as to Dr. Prasad's surgical skills at the Fair Hearing.

63. A consistent position was not taken with respect to other witnesses supportive of the MEC's original decision, who also participated at the Fair Hearing. Six members of the MEC who were on the MEC's Fair Hearing witness list, including three witnesses who testified at the Fair Hearing in support of the MEC's original

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

decision to suspend Dr. Prasad's privileges, were allowed to participate and vote at the meeting to decide whether to recommend restoring Dr. Prasad's privileges.

64.     Nevertheless, the MEC voted to recommend that the Board of Ministry restore Dr. Prasad's privileges at PAMC.

65.     The Board of Ministry met and, without explanation, rejected the MEC's recommendation and referred it back to the MEC for reconsideration.

66.     On reconsideration, the MEC reversed its position without explanation and recommended that Dr. Prasad's privileges remain revoked.

67.     The Board of Ministry then met and accepted the MEC's reconsidered recommendation.

65.     The Board of Ministry and the MEC arbitrarily and capriciously ignored the findings and recommendations of the Fair Hearing Panel, making that hearing a sham.

68.     The decision of the Board of Ministry and the reconsidered decision of the MEC were not supported by substantial evidence.

69.     Dr. Prasad timely appealed the Board of Ministry's decision.

70.     The appellate procedures in the PAMC Credentials Policy do not anticipate or provide for situations where, as here, the Fair Hearing Panel makes a recommendation in favor of a practitioner. Article 10.E. (a) of the Credentials Policy provides: "The permissible grounds for an appeal are limited to whether: (1) there was substantial failure by the **Hearing Committee** to comply with the Plan or the bylaws of

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

the Medical Center or Medical Staff during the hearing so as to deny a fair hearing and/or (2) the recommendations of the **Hearing Committee** were made arbitrarily or capriciously and/or were not supported by credible evidence." [emphasis added] However, the Credential's Policy does not provide a mechanism for the MEC and/or the Board of Ministry to appeal the Fair Hearing Panel's findings recommendations. Nor does the Credential's Policy allow the MEC or the Board to simply disregard the Fair Hearing Panel's recommendations when they are favorable to the practitioner.

71.     The Appellate Review Committee completely ignored the recommendations of the Fair Hearing Panel and treated the appeal as if the Fair Hearing Panel had ruled against Dr. Prasad, again making the Fair Hearing a sham.

72.     The Appellate Review Committee recommended that the Board affirm its decision, which the Board confirmed. That constituted the final decision regarding Dr. Prasad's privileges and staff membership and thereby constituted a final agency action. As such, Dr. Prasad is entitled to bring this action.

## COUNT I
### Breach of Contract

73.     Dr. Prasad realleges and incorporates the allegations in paragraphs 1 through 72, as if fully set forth herein.

74.     Dr. Prasad had a contractual right to enjoy privileges and be on the medical staff at PAMC.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

75.     Among others, the terms of that contractual arrangement are included in the PAMC credentials policy and the Medical Staff Bylaws in effect at the time of Dr. Prasad's active medical staff appointment.

76.     PAMC violated its contractual obligations to Dr. Prasad by arbitrarily and capriciously revoking his privileges and membership at PAMC without substantial evidence justifying the same.

77.     PAMC also breached its contractual obligations to Dr. Prasad by arbitrarily and capriciously, and without substantial evidence, failing to restore Dr. Prasad's privileges and staff membership as recommended by the Fair Hearing Panel.

78.     As a result of PAMC's breach of its contractual obligations, Dr. Prasad has suffered damages in an amount exceeding $1M, the exact amount to be proven at trial.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

79.     Dr. Prasad realleges and incorporates by reference the facts asserted in paragraphs 1 through 78, above, as if fully set forth herein.

80.     Every contract in the State of Alaska includes an implied covenant of good faith and fair dealing.

81.     The covenant of good faith and fair dealing requires that a party to a contract not impair the right of the other party to receive the benefit of the contract.

82.     The covenant also requires that each party act in a manner that a reasonable person would regard as fair.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

83. PAMC breached its duty of good faith and fair dealing to Dr. Prasad when it revoked his privileges and staff membership at PAMC and, again, when it failed to restore such privileges and staff membership.

84. PAMC's conduct was unreasonable, willful and in bad faith.

85. As a result of PAMC's breach of the implied covenant of good and fair dealing, Dr. Prasad has been damaged in an amount exceeding $1M, the exact amount to be proven at trial.

COUNT III
Promissory Estoppel

86. Dr. Prasad realleges and incorporates by reference the allegations contained in paragraphs 1 through 83, above, as if fully set forth herein.

87. Based on promises made and standard practices of PAMC, Dr. Prasad expected that he would be treated fairly and not disparately with respect to the review of his patient care and surgical performance in that his treatment would be consistent with the treatment of other similarly situated practitioners.

88. PAMC violated its obligations to Dr. Prasad by treating him arbitrarily and capriciously and inconsistently with other practitioners who enjoy privileges and staff membership at PAMC.

89. As a result, Dr. Prasad has been damaged in an amount in excess of $1M, the exact amount to be proven at trial.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

## COUNT IV
## Due Process

90.     Dr. Prasad realleges and incorporates by reference the allegations contained in paragraphs 1 through 89, above, as if fully set forth herein.

91.     Dr. Prasad's privileges and staff membership at PAMC were a constitutionally protected property interest that required PAMC to provide due process before he was deprived of them.

92.     PAMC denied Dr. Prasad due process when it failed to restore his privileges and staff membership by, among others:

> a.     not allowing Dr. Prasad an opportunity to review the external reviewer's report and provide him an opportunity to meaningfully and fully respond to it;

> b.     not giving Dr. Prasad a full and meaningful opportunity to learn and understand concerns regarding his handling of cases before he met with the senior leadership;

> c.     telling Dr. Prasad that he had 60 days to provide a written response to the PQC's report and then not honoring that promise and instead revoking his privileges before Dr. Prasad had an opportunity to respond to that report;

> d.     basing its decision, at least in part, on documentation concerns that had been previously addressed more than a year earlier, after which Dr. Prasad was fully compliant;

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

e.  failing to consider all relevant evidence concerning Dr. Prasad's practice, and instead falsely speculating that Dr. Prasad's practice in the preceding one and one-half years was devoid of any criticism because he was no longer doing complex cases;

f.  failing to provide the members of MEC a copy of the Fair Hearing Panel Report and ensure that the members of the MEC read the Fair Hearing Panel Report before voting on whether to accept the Fair Hearing Panel's recommendation to restore Dr. Prasad's privileges and medical staff membership at PAMC;

g.  providing the members of the MEC a summary letter that inaccurately characterized the Fair Hearing Panel Report and improperly informed the members of the MEC as to its obligations and the standard of review;

h.  improperly instructing the Fair Hearing Panel and the MEC and the Board of Ministry as to the meaning of "substantial evidence;"

i.  improperly instructing the MEC and the Board of Ministry as to the meaning of "arbitrary or capricious;"

j.  revoking Dr. Prasad's privileges without first giving him an opportunity to participate in the performance improvement plan;

k.  recommending that the Board of Ministry reject the MEC's recommendation that Dr. Prasad's privileges be restored and referring that

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

decision back to the MEC for reconsideration, without providing any reasons whatsoever for its decision to reject the MEC's recommendations;

l.     the MEC reconsidering its recommendation to restore Dr. Prasad's privileges without providing any reason, whatsoever, for its decision to reconsider its recommendation;

m.    justifying its acceptance of the MEC's reconsidered recommendation by summarily concluding that its decision was based on patient safety concerns, without identifying any evidence, whatsoever, in support of such a conclusion and in the face of overwhelming evidence in disputing that finding and the lack of any evidence supporting that finding;

n.    not providing policies and procedures in the credentials policy to address situations wherein the fair hearing panel supports the practitioner;

o.    allowing the MEC to reject the fair hearing panel recommendation without articulating a ulterior or standard of proof required for such action;

p.    shifting the burden onto the practitioner to justify the fair hearing panel's decision, when there is no such requirement in the credential's policy;

q.    preventing Dr. Roaten from participating in the MEC discussions and voting, when the MEC met to consider and vote on the fair hearing panel's recommendation to restore Dr. Prasad's privileges, especially when other similarly situated doctors who participated at the fair hearing panel and testified in favor of the MEC were allowed to participate and vote at that hearing;

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

r.    applying improper legal standards at the appellate review; and

s.    failing to timely comply with deadlines outlined in the Credentials

Policy with respect to actions taken after the fair hearing panel issued its report.

93.    As a result of PAMC's breach of its due process obligations to Dr. Prasad, Dr. Prasad has been damaged in an amount in excess of $1M, the exact amount to be proven at trial.

COUNT V
Violation of the Unfair Trade Practices Act

94.    Dr. Prasad realleges and incorporates by reference paragraphs 1 through 93, above, as if fully set forth herein.

95.    PAMC is engaged in trade or commerce.

96.    In conducting its trade or commerce, PAMC has violated A.S. 45.50.471(7) by "disparaging the goods, services or business of [Dr. Prasad] by false or misleading representation of fact."

97.    PAMC has also violated A.S. 45.50.471(11) by "engaging in any other conduct creating a likelihood of confusion or of misunderstanding which misleads, deceives or damages a buyer or competitor in connection with of the sale or advertising of goods or services."

98.    PAMC's conduct has caused and continues to cause Dr. Prasad economic and other consequential damages in an amount in excess of $1M, the exact amount to be proven at trial.  Because PAMC's conduct constitutes a violation of the UTPA, Dr. Prasad is entitled to treble damages.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

## COUNT VI
### Intentional Interference with Economic Advantage

99.     Dr. Prasad realleges and incorporates by reference paragraphs 1 through 98, above, as if fully set forth herein.

100.     Dr. Prasad had a prospective economic advantage in the continuation of his privileges and medical staff membership at PAMC.

101.     PAMC was aware of Dr. Prasad's prospective economic advantage and intentionally interfered with it by wrongly revoking and failing to restore Dr. Prasad's privileges and medical staff membership at PAMC.

102.     As a result of PAMC's intentional interference with Dr. Prasad's prospective economic advantage, Dr. Prasad has been damaged in an amount in excess of $1M, the exact amount to be proven at trial.

## COUNT VII
### Punitive Damages

103.     Dr. Prasad realleges and incorporates by reference the allegations contained in paragraphs 1 through 102, above, as if fully set forth herein.

104.     PAMC's conduct was outrageous and evidences reckless indifference to the interest of Dr. Prasad.

105.     PAMC's conduct is such that an award of punitive damages is appropriate.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

## PRAYER FOR RELIEF

WHEREFORE, Dr. Prasad prays for the following relief:

1.    For judgment in his favor and against PAMC in an amount of excess of $1M, the exact amount to be proven at trial;

2.    For an order requiring PAMC to restore his privileges and staff membership at PAMC;

3.    For an order requiring PAMC to withdraw and correct information reported to the National Practitioner Data Bank regarding Dr. Prasad's privileges;

4.    An award of reasonable costs, interest and attorney's fees incurred in defending himself before the Fair Hearing Panel and the Appellate Review Committee and in bringing this action;

5.    For an award of treble damages under the Alaska UTPA;

6.    For an award of punitive damages; and

7.    For such other and further relief as this court may deem just and equitable.

Dated this 21st day of December, 2020.

/s/ William H. Ingaldson
William H. Ingaldson
ABA No. 8406030

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

w:\2481.001\pleadings\word\complaint.doc