IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MADHU PRASAD, M.D.,<br><br>        Plaintiff,<br>    v.<br><br>PROVIDENCE HEALTH & SERVICES –<br>WASHINGTON, d/b/a PROVIDENCE<br>ALASKA MEDICAL CENTER and<br>PRESTON SIMMONS,<br><br>        Defendants. | Case No. 3:21-cv-00010-SLG |

**ORDER RE MOTION TO AMEND COMPLAINT**
**AND MOTION TO DISMISS PRESTON SIMMONS**

Before the Court at Docket 17 is Plaintiff Madhu Prasad, M.D.'s Motion to Amend Complaint. Providence Health & Services, Washington, d/b/a Providence Alaska Medical Center ("Providence") responded in opposition at Docket 22 and moved to dismiss Defendant Simmons at Docket 23.[1] Dr. Prasad filed a reply in support of his motion to amend the complaint and an opposition to Providence's motion to dismiss at Docket 28. Dr. Prasad at Docket 33 and Providence at Docket 34 submitted supplemental briefing at the direction of the Court.[2] Oral argument was not requested and was not necessary to the Court's decision.

---

[1] Providence filed the same combined opposition and motion to dismiss at Dockets 22 and 23. The Court will cite only to Docket 23.

[2] *See* Docket 29 (Text Order).

## FACTS & PROCEDURAL HISTORY

On or about December 21, 2020, Dr. Prasad initiated this action in Alaska state superior court.[3] The Complaint alleges that Providence improperly revoked and failed to restore Dr. Prasad's clinical privileges as a physician at Providence.[4] The Complaint names Providence as a Defendant.[5] It also names Preston Simmons, Chief Executive Officer of Providence and *ex officio* member of the Board, as a Defendant.[6] However, the Complaint does not contain any factual allegations or state any causes of action against Mr. Simmons individually and does not include Mr. Simmons in the prayer for relief.

On January 20, 2021, Providence removed the action to this Court on the basis of diversity jurisdiction.[7] Because Mr. Simmons is an Alaska resident, his presence in the lawsuit defeated diversity jurisdiction at the time of removal unless he was fraudulently joined, as Dr. Prasad is also a resident of Alaska.[8] Providence

---

[3] *See* Docket 1-2 (Compl.).

[4] *See* generally Docket 1-2 (Compl.).

[5] Docket 1-2 at 1, 2, ¶ 2 (Compl.).

[6] Docket 1-2 at 1, 2, ¶ 3 (Compl.).

[7] *See* Docket 1 at 1 (Notice of Removal) (citing 28 U.S.C. §§ 1332, 1441, 1446).

[8] Docket 1-2 at 2, ¶ 3 (Compl.). 28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 2 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 2 of 9

alleged Mr. Simmons was a sham defendant and hence did not destroy diversity jurisdiction.[9]

Dr. Prasad did not move to remand the case back to state court; instead, on March 22, 2021, Dr. Prasad filed a motion for leave to amend the Complaint.[10] According to Dr. Prasad, the proposed amended complaint seeks "to more clearly state [his] claims against Defendant Simmons individually."[11]

## LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."[12]

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[13] Providence relies on the second way here.

---

[9] Docket 1 at 3, ¶ 8 (Notice of Removal).

[10] *See* Docket 17 (Mot. to Am. Compl.).

[11] Docket 17 at 2 (Mot. to Am. Compl.).

[12] *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

[13] *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 3 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 3 of 9

"Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'"[14] "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'"[15] "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'"[16]

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."[17] "If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined."[18] "But the reverse is not true. If [a plaintiff's complaint] cannot withstand a Rule 12(b)(6) motion, the fraudulent [joinder] inquiry does not end

---

[14] *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (alteration in *Grancare*).

[15] *Id.* (quoting *Hunter*, 582 F.3d at 1046) (emphasis in original).

[16] *Id.* (quoting *Hunter*, 582 F.3d at 1046) (alteration in *Grancare*).

[17] *Id.* at 549.

[18] *Id.* at 550.

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 4 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 4 of 9

there."[19]  "[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."[20]

Dr. Prasad seeks to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[21]  "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded."[22]  "This policy is to be applied with extreme liberality."[23]

"When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility."[24]  "Of the *Foman* factors, prejudice to the opposing party carries the most weight."[25]  "Absent prejudice, or a

---

[19] *Id.*

[20] *Id.*

[21] Docket 17 at 1 (Mot. to Am. Compl.).

[22] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

[23] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).

[24] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman*, 371 U.S. at 182); *see also Hicks v. PGA Tour*, Inc., 897 F.3d 1109, 1124 (9th Cir. 2018); *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[25] *Brown*, 953 F.3d at 574 (citing *Eminence Capital, LLC*, 316 F.3d at 1052).

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 5 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 5 of 9

strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[26]

## DISCUSSION

### I. Motion to Dismiss

The Court will grant Providence's motion to dismiss because the Complaint clearly fails to state a claim against Mr. Simmons. At issue is whether Dr. Prasad's motion for leave to amend should be granted.

### II. Leave to Amend

Of the *Foman* factors, prejudice to the opposing party carries the most weight. Here, Providence does not assert that granting Dr. Prasad leave to amend would cause it undue prejudice. However, Providence asserts that allowing the amendment would permit Dr. Prasad to move to remand the case back to state court, thereby depriving Providence of this federal forum.[27]

Providence does not make a strong showing of the remaining factors. As to undue delay, Dr. Prasad moved to amend his complaint relatively soon—

---

[26] *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis in original).

[27] *See* Docket 23 at 7 (Opp. and MTD) ("Had Prasad filed a motion [to remand in February] based on the original Complaint, it is undoubtable such motion would have failed. Instead, Prasad now seeks to take advantage of the liberal amendment rules to add deficient claims against Simmons, with the hope that such claims will be enough to support a motion for remand in the future.").

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 6 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 6 of 9

approximately two months after removal.[28]  As this is his first motion for leave to amend, Dr. Prasad has not repeatedly failed to cure pleading deficiencies.

Providence asserts that Dr. Prasad's bad faith motive for the amended complaint is to destroy diversity jurisdiction by adding futile claims against Mr. Simmons as a non-diverse defendant.[29]  Here, the initial Complaint clearly failed to state any cognizable claims against Mr. Simmons.  But now Dr. Prasad seeks to amend his Complaint to assert what he maintains are viable claims against Mr. Simmons.  At issue is whether there is a possibility that a state court would find that the proposed amended complaint states a viable cause of action against Mr. Simmons.

Alaska courts "disfavor[]" motions to dismiss and grant dismissal only when it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief."[30]  Here, Dr. Prasad's proposed amended complaint alleges Mr. Simmons violated his right to due process by "making the decision to

---

[28] *Compare* Docket 1 (Notice of Removal) (filed Jan. 20, 2021) *with* Docket 17 (Mot. to Amend) (filed Mar. 22, 2021).

[29] Docket 23 at 12–14 (Opp. and MTD) ("The Ninth Circuit has recognized a district court does not abuse its discretion when it denies a motion to amend when the amendment is offered in bad faith for the purpose of defeating diversity.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).").

[30] *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009).

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 7 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 7 of 9

permanently revoke Dr. Prasad's privileges in the face of the overwhelming evidence and extent of [Providence's] denial of due process to Dr. Prasad."[31]

The Alaska Supreme Court has recognized a physician's "admitting privileges trigger some form of due process protection."[32] Based on the allegations in the proposed complaint, this Court cannot state that it appears beyond doubt that Dr. Prasad could not prove a set of facts that would entitle him relief from Mr. Simmons on a due process claim in state court.[33] Accordingly, at this juncture, the Court finds that Providence has not demonstrated a bad faith motive by Dr. Prasad or the fraudulent joinder of Mr. Simmons.

Relatedly, Providence asserts that the proposed amendment is futile.[34] This is perhaps Providence's strongest argument, at least under federal pleading standards. But given that Providence removed this action on the basis of diversity jurisdiction, asserting Mr. Simmons was a sham defendant, the Court finds the more appropriate inquiry is whether Dr. Prasad can possibly maintain an action against Mr. Simmons in state court, as discussed above.[35]

---

[31] Docket 17-1 at 30, ¶ 92(v) (Proposed Am. Compl.); *see* Docket 17-1 at 29–30, ¶ 92(s)–(t); *see also* Docket 17-1 at 31, ¶¶ 101, 102.

[32] *Brandner v. Providence Health & Servs.-Washington*, 394 P.3d 581, 588 (Alaska 2017).

[33] Since the Court finds at least one of Dr. Prasad's claims could possibly proceed in state court, it declines to address the intentional interference with economic advantage claim that Dr. Prasad also pleads against Mr. Simmons in the proposed amended complaint.

[34] Docket 23 at 5–14 (Opp. and MTD).

[35] If the state court does dismiss Mr. Simmons from the case, Providence may then be able to

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 8 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 8 of 9

Accordingly, upon consideration of all the *Foman* factors, the Court finds that the motion for leave to amend should be granted.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Providence's Motion to Dismiss Preston Simmons at Docket 23 is GRANTED with respect to the initial Complaint and Dr. Prasad's Motion to Amend Complaint at Docket 17 is GRANTED. Dr. Prasad shall file a clean copy of the amended complaint within seven days of the date of this order.

IT IS FURTHER ORDERED that Providence shall show cause within 14 days of this order as to why this action should not be remanded to state court due to a lack of diversity jurisdiction at this time.[36]

Dated this 8th day of September, 2021 in Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

successfully removal this case back to federal court. *See* 28 U.S.C. § 1446(b)(3).

[36] *See* 28 U.S.C. § 1441(a); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). *Cf.* 28 U.S.C. § 1447.

Case No. 3:21-cv-00010-SLG, *Prasad v. Providence Alaska Medical Center, et al.*
Order re Motion to Amend Complaint and Motion to Dismiss Preston Simmons
Page 9 of 9
Case 3:21-cv-00010-SLG   Document 36   Filed 09/08/21   Page 9 of 9